First Case 25-1046, J.M. E. W. C. V. et al. v. The New York City Department of Education. Thank you. Good morning, Your Honor, and may it please the Court. My name is Jason Kim. I'm with the law firms Schneider, Wallace, Gatreau, and Kim. I'm here representing three parents and five individuals who previously were classified as children with disabilities under the IDEA and who were receiving special education from the City of New York Department of Education and the other defendants. Now four years ago, this Court issued its opinion in A.R. v. State of Connecticut. I was fortunate enough to be counsel for the plaintiff class in that case. I believe Judge Cabranes was part of the panel who decided that case. There are many things to say about the case. The holding of the case, as we briefed extensively, applies directly to the City of New York, which is in the jurisdiction of this circuit. The facts with respect to New York's provision of adult education are identical to those of Connecticut. But what I did want to point out about that case that might not be obvious, I was with that case from beginning to the end. A judgment has been issued and has been enforced allowing the students of Connecticut with disabilities to receive the full benefits to which they're entitled under the IDEA. We are working to settle the compensatory piece. All of that happened within the structure of Rule 23b-2 and b-3. There's no mention anywhere in that case, either in the District Court opinion or in this Court's opinion, about anything having to do with the requirement to exhaust administrative remedies, having been involved in that case from beginning to end, and many similar cases, all of which I've prevailed upon, the Hawaii case, the Rhode Island case. Most recently, I've sued Minnesota, I've sued Montana. These issues have all been fully legated and resolved under the structure of Rule 23, primarily Rule 23b-2. Exhaustion has never been an issue. So let me just ask a question about that, because I understand your arguments as it relates to the core issue in this case, which would essentially be sort of declaratory judgment as to how long the right to a fake persists. The relief that you've asked for includes compensatory services, and I'm curious if you could talk a little bit about how that does seem like a classic claim for relief that one would expect exhaustion through the ordinary process with the experts who are used to that. Sure. How has that worked here? It wasn't remanded back to the agency to figure out the compensatory services? No. Well, I have three kind of responses to that. So first is specifically the class and the preliminary injunction that was denied. The goal of neither of those was to actually apply to provide compensatory education. It was to provide notice to the class that they are entitled or may be entitled to compensatory education. What will happen after that will be decided, right? But in terms of theoretically, how does the compensatory education play into the exhaustion issue? I mean, that issue was to some extent addressed by the district court in the AR case, so the district court realized when it was making its 23B3 certification finding that it seems like comp ed would require individualized determinations. The district court there suggested that could be done by a special master. And in fact, we see that there are, I think we cited in our reply brief, there are decisions from both this court and from the federal district courts that directly award compensatory education. So that is consistent. Is the argument that there's no obligation to exhaust at all or that an exception to the exhaustion requirement applies? Yes. So I think there are two exceptions to the exhaustion requirement that apply here. And I'll talk about... My first question was, are you arguing that there's no exhaustion requirement at all? Because you're saying none of these other cases raise the issue. Sure. No, that's not what I'm arguing. I'm arguing that I think implicitly all of those other cases recognize that an exception was involved and it was so obvious it wasn't worth anyone bringing up. Or if it's jurisdictional, as the city claims, you would think that one of these district courts would have raised the issue or one of the appellate courts would have raised the issue sui sponte. And I'll get into the specific exceptions here. But just to quickly finish the thought on compensatory education, that piece of it will be settled. No one thinks it makes any sense to bring thousands of people back into the system and individually do a new IEP. That's never been an option in terms of resolution. It's going to be basically a pot of money and people, class members can use that to be reimbursed for educational. That's how every one of these cases has been resolved. So I understand theoretically the concern and that does seem to fit into the exhaustion system. But realistically, it's just never been a problem. But let me turn to the kind of doctrine, which is very important here. So I think that there... I'm sorry. Judge Kovanes, go ahead. Before you go there, tell us exactly what you want us to do. What's the decree that you want from this court? Yeah, thank you for that question. As we suggest in our brief, I think this is an unusual situation because we have the AR decision. We have the opinion of the State New York Department of Education indicating that this applies to everyone in New York. The record is sufficient. It's a very straightforward issue based on subtle law. We think we should get a remand directing the district court to certify a very limited class for the purposes of a preliminary injunction and to issue a preliminary injunction requiring the City of New York to provide this education. So if we vacated remand, as you ask us, we would leave the question of class certification to the district court to decide in the first instance, right?  The court could certainly do that. I think what we've suggested is that the court direct the district court to certify the class as defined in our papers because I think that's necessary to have effective preliminary injunctive relief, that it needs to be for the benefit of the class. So the exact disposition obviously is up to the court. We think that there's precedent that would allow the court to directly direct the district court. If you looked at the record here, and I certainly don't intend to criticize the district court, we didn't get a ruling on this preliminary injunction for a year after the briefing was closed during which people were losing education and getting farther away from, in terms of comp education, from when they exited the system. So there's accumulating harm while this was being delayed and so that's why I think under these circumstances it would make sense. But let me first, let me just take back the two minutes I had in rebuttal so I can finish my point here. I did want to go over the two exceptions that we believe apply here and I think the district court perhaps confused the two of them, but I think this court has made it very clear that it's disjunctive, they're distinct. So one is the futility aspect and the futility does not require that relief be impossible to obtain through the administrative process, right? The test is reasonably available and as we've argued in our brief, in a situation like this where it's sort of essentially a class-wide issue, that it's not reasonably available. It's kind of crazy to make each and every one of the thousands of people who will or have been affected by this do an individual due process proceeding. We all know that that's not going to happen and so the result will be there'll be thousands of people who won't receive the relief to which they're entitled. The second piece of the exception that's been recognized as a disjunctive is the systematic policy or practice of general applicability that is contrary to law. I understand the district court and the city's, you know, kind of concern that if that's applied too broadly, it can chip away at the exhaustion requirement, but if there's any case that, you know, very clearly relates to a policy or practice of general applicability that's contrary to law, it's this case because this is based on regulation of the city of New York that purports to apply to everyone and the fact that this is a systematic violation of the law has already been settled by this court in the A.R. case. Can I ask, that language, that what you're calling the second prong, it looks like it first appeared in Tarazi and we've repeated it a couple of times. I haven't found any cases where we actually applied it. Am I missing any? Are there any cases where we've relied on that prong rather than the sort of functional futility prong? Sure. Well, I think the structure of the Tarazi case is a little unclear because ultimately it seemed like what the court said was all, in that case, or two of the three prongs were satisfied, although there wasn't very much elaboration. So I read it as seeing that case has recognized the kind of systematic claim, I'll call it. But I think your question, though, gets at maybe a deeper point, which is I think it's fair to say that to the extent that that exception has been applied, it's been applied when there's a challenge, a procedural, like a systematic procedural challenge. I don't think that there is a case from this circuit where that exception is applied to what I'll call a substantive IDA violation because, as you know, the IDA is primarily a process-oriented statute. And so many of the challenges, systematic challenges, have been processed. And so I think the law in this circuit particularly is undeveloped on the substantive violation. But I think that the city has invited us, and I think it's a good idea to look at the law of some other circuits. In Ninth Circuit, which is where I typically practice, right, the test, and I refer to the host versus Tucson, which is cited in our reply brief, is an IDA violation that's sufficient to excuse exhaustion, they describe as serious and pervasive statutory violation. And I think that's exactly what we allege here, which is completely supported by the AR case. If you look at the AR case's discussion of compensatory education, that this is a substantive, you know, literal deprivation of core IDA rights. That is, you know, it is violating the statute, it's based on a policy and practice embodied in regulations of the City of New York. So if there will ever be, in this circuit, a substantive IDA violation that would excuse exhaustion, this would be the best case for it. Where the exact border of that is, I don't know, and I don't know that that needs to be decided, because I think it is clear that we're right here in the heart of it. Thank you very much. Thank you. Appreciate it. We'll hear back from you again. I've given up my rebuttal. Oh, you've given up your rebuttal. Yes. Well, we won't hear back from you. It was nice hearing from you. Attorney Paulson. Good morning, Your Honors. May it please the Court, Susan Paulson on behalf of the appellees. Your Honors, exhaustion of administrative remedies is not futile in this case, and the District Court properly dismissed the complaint for failure to exhaust. Exhaustion is excused where it would be futile. It may not be futile, and some have already successfully exhausted, but why should thousands of students be required to go through this administrative process when we have the A.R. case and we have the State's recent guidance? Sure, Your Honor. First, to address the A.R. case, the A.R. case looked at whether or not the three programs offered by Connecticut satisfied the definition of public education that this Court articulated in that case, whether those programs were provided at public expense under the supervision of State educational agencies and it had the objective of educating up to a level sufficient to Is A.R. different in any significant way from the State? Those facts have not been developed in this case. Here we're on a motion to dismiss, and we had annexed to the complaint a document that indicates that one of those three programs is provided in New York free of charge to students. Neither in the A.R. case or the K.L. case was the single provision of GED programs, which are essentially test prep, found sufficient to satisfy. Those facts are not developed. The district court should consider that issue in the first instance if the court decides that dismissal for failure to exhaust was improper. So that would be the first thing on the A.R. case. I also want to point out that what the plaintiffs are requesting here is a declaration that the class is entitled to FAPE up to their 22nd birthday. And at this moment, the DOE has, as a matter of policy, is extending special education services up to age 22 in recognition of the NYSED opinion of counsel. Now that was the other point that you mentioned as to why isn't it futile given that. It's merely an opinion of counsel, and the law is not firmly established yet in this jurisdiction that New York is providing public education to general education students, beyond the end of the school year in which they turn 21. Until that time, DOE is extending services, and if that is firmly established, either by the Court of Appeals or by this Court, then that policy, obviously. So what's the point of that? Are you making a mootness argument? No, I'm not making a mootness argument. But I'm pointing out that this is, first of all, this Court should not be considering class certification or preliminary injunction in the first instance where the district court has a rule on those. Well, isn't that kind of futility? In other words, the argument is that getting the class relief that is sought in this case, that is futile. They can't get that in the administrative process. I mean, they don't, I mean, essentially, the administrative process is giving them the relief they want presently, right? Right. But you've got to, there's a cohort of people who didn't get it. Yes. That is correct. I'm sorry. No, go ahead. That is correct. And they have chosen to proceed seeking class-wide relief, not relief on behalf of simply those individuals. And as to other individuals who, either those individuals who initially were plaintiffs in this matter who chose to exhaust and obtain this relief, or going forward. The claim in this case is, right or wrong, the claim is we are entitled to class-wide relief. Can they get that in the administrative process? The plaintiffs in this action cannot right now because they chose to sue instead.  They could have gotten it. I'm asking a question. Yes. Why doesn't that make the administrative process futile with respect to their class-wide claims? It's not futile with respect to class-wide claims because the administrative process, had they chosen to pursue it, as demonstrated by the two plaintiffs who did pursue it, is entirely capable of granting the relief that they requested. The administrative process is entirely possible of determining whether or not they are eligible for a FAPE beyond the end of the school year in which they turn 21. For those plaintiffs who pursued that process, they prevailed in the administrative process. In terms of class-wide relief, for other individuals going forward, because DOE had a policy in the academic years 24-25, and for 25-26, that it is extending FAPE up to age 22, they too, there's no futility in the administrative process. They don't even need to go through it. I was just going to ask, how many students are impacted by this? On each year, how many students are there who are about to turn 22? Your Honor, the record doesn't directly answer that question. There was, at one point, an approximation of, I think it was 1,800 students age out of receiving special education a year. Each year? Each year, roughly? Roughly. I believe that that is the number that was in the record. Thank you. I just want to understand, and part of the reason I was asking about the significance of your representation, that we're doing it now, and if the law, if it gets confirmed by the court, we'll do it. Correct. Are you, is implicit in that, that with respect to those individuals who didn't get it, you would then offer compensatory services, or is your argument that by not going through the administrative process, they slept on their rights and they've lost them at this point? It's the latter, Your Honor. Your Honor, neither of the two exceptions to exhaustion apply here. Again, the fundamental, the bottom line... Why doesn't the second one apply? A policy of general applicability that is contrary to the law, assuming we conclude that AR applies and that the state has a right? Sure, Your Honor. I mean, as observed earlier, you know, there hasn't been a lot of case law developing this separate exception, but essentially, the exception, it's sort of overlapping. I mean, it still looks to whether or not relief is available through the administrative process. When this Court discussed the Tarozzi case in JS, this Court noted that the reason that it, even though it discussed or at least made mention of that other prong, the issue was that the deficiencies in the existing administrative scheme made it futile to pursue administrative remedies. So even if our policy of, first of all, even if our policy of ending fate before H-22 did violate the IDA, even if we did have a policy that was contrary to law, the IHO and SRO are capable of providing relief and are providing relief pursuant to the opinion of counsel here. So how do we deal with, I mean, you're looping back to the other prong, right? I am, because I don't see them as entirely separate and distinct. Okay, so we three times, starting with Tarozzi, described them as distinct prongs. Yes. We just put semicolons and numbers in front of them. Yes. Is it your position that that's dicta, because we didn't decide on that basis, or that it doesn't really mean what it looks like it says, or that only applies to pursuit? No, none of the above, Your Honor. I think that it can either be, you know, like looking back to the language in the first prong, a systemic problem, or it can be a policy or product test of general applicability contrary to law. But ultimately, whether the problem arises from either of those ways, both of the analysis, so far as I understand them looking at the case law, look ultimately to whether or not you can obtain relief in the administrative process. I don't think either of them ignore that component, either in this circuit or in other circuits. So I'm not saying that they, that they're exactly the same. I think their origin comes from a different problem alleged in the process. But ultimately, I think that both of them are looking for something that cannot be addressed in the administrative process, whether it's, you know, structural problems created because something is contrary to law. Is it still the city's position that exhaustion goes to subject matter jurisdiction? It is, Your Honor. Understanding the recent Supreme Court case and other circumstances? Yes, but, you know, because this court has never held otherwise, but if this court were to, I mean, neither the amicus or the plaintiffs suggest that that would change the outcome of the case if this court decided that it was a claims processing rule and not goes to subject matter jurisdiction. Your Honors, ultimately, the district court properly concluded that exhaustion of administrative remedies would not be futile in this case. To the plaintiff, original plaintiffs exhausted, exhaustion was not futile as it was pursued in other school districts that were similarly alleging systemic problems due to the denial of FAPE after the end of the school year in which a student turned 21, where they demonstrably can obtain the administrative relief and are, as to putative class members, are currently receiving that relief going forward due to the policy. The district court was correct, and this court should affirm the district court's ruling and should not reach, in the first instance, the issues that the district court did not reach as to the contours of the programs offered for public education for students in general education as to the class certification or as to preliminary injunction. Thank you, Your Honors. Thank you very much. Appreciate it. Thank you both. We will take this case under advisement.